[THIBODEAUX, J.,
dissenting.
Our ill-advised decision to fortify the anachronistic “public duty doctrine” serves only to encourage governmental irresponsibility. The deference that is being accorded to a *1054 governmental body is tantamount to a resurrection of sovereign immunity at the local level.
The “public duty doctrine” is not grounded in any statutory, codal, or constitutional authority. It is well known that we derive our laws from legislation and custom, with legislation being the paramount authority. See La.Civ.Code art. 1. There is no legislative expression at all on this doctrine, nor is it rationally explained on the basis of custom. It is a jurisprudentially-ereated rule whose sole purpose is to shield government actions and inactions to the detriment of the individual citizens of this state. The “public duty doctrine” is legally untenable and is unsus-ceptible of ^practical application. Continued reliance on this fallacious idea is wholly unwarranted.
We should heed the enlightened concerns about and criticisms of the “public duty doctrine” expressed in Stewart v. Schmieder, 386 So.2d 1351 (La.1980) and, accordingly, firmly renounce this irrational protective shield.
For the foregoing reasons, I respectfully dissent.